# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# DOCKET NO.: 3:09MJ273-V

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| BRANDON LEE EVANS, ) | |
|     Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on the Government's "Notice of Appeal and Motion for Revocation and Stay of Magistrate Judge's Release Order " pursuant to 18 U.S.C. § 3145(a)(1), filed December 4, 2009. Defendant submitted a brief in opposition on December 7, 2009. On December 8, 2009, the undersigned issued an order staying Defendant's release pending review.

Defendant had his original detention hearing on Friday, December 4, 2009, before United States Magistrate Judge David S. Cayer. At the conclusion of that hearing, Defendant was deemed to be eligible for bail. More specifically, the magistrate judge authorized Defendant's release on bond with Location Monitoring and home detention subject to a $50,000.00 unsecured bond, co-signed by both parents, and surrender of passport or prohibition on obtaining a passport.

This Court reviews *de novo* the magistrate judge's release order. 18 U.S.C. §3145(b); United States v. Williams, 753 F.2d 329, 333 (4th Cir. 1985). The Court has reviewed the audio recording of the detention hearing before the magistrate judge as well as the contents of the criminal file in this matter, including the Pretrial Services report and recommendation.

The Defendant is charged by way of Criminal Complaint with violations of 21 U.S.C. §§ 846 and 841(a)(1), namely conspiracy to distribute cocaine, and possession of cocaine with intent to distribute. Given the existence of probable cause that Defendant committed an offense for which a maximum term of imprisonment of ten (10) years or more is prescribed in the Controlled

1

Substances Act, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. 18 U.S.C. §3142(e). In determining whether there are conditions of release that will reasonably assure the appearance of the Defendant and the safety of other persons and the community, the Court considers all evidence regarding:

> (1) the nature and circumstances of the offense charged (including whether the offense if a crime of violence or involves a narcotic drug);
> (2) the weight of the evidence against the person;
> (3) the history and characteristics of the person, including —
> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearances at court proceedings; and
> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. . .

18 U.S.C. §3142(g).

Upon review of these factors, the Court agrees that release on bond, with Location Monitoring and home detention is appropriate. While Defendant has reportedly admitted involvement in the charged drug conspiracy,[1] the remaining factors weigh in favor of release. First, the offense charged is not considered a crime of violence and the Government doesn't express any serious concern that this Defendant poses a danger to the community.[2] Defendant, age twenty-seven, has lived in Catawba County his entire life. Prior to his arrest, Defendant lived with his parents who

---

[1] *See United States v. Lowman*, et al., 5:09CR49-V.

[2] During the detention hearing, defense counsel represented to the Court that the case agent indicated to counsel during a phone interview that Defendant Evans was not suspected of firearm use in connection with the charged offenses.

apparently continue to provide support. Defendant was employed until recently and reports no mental health or substance abuse issues. Although the fact that Defendant's most recent line of work was in law enforcement is troubling, he is no longer employed by the Catawba County Sheriff's Department and it does not appear at this time that Defendant's job was integral to his role in the alleged drug conspiracy. Defendant also lacks the financial resources with which to flee. Finally, unlike many defendants that "graduate" to the federal system following years of low to mid-level drug dealing (and a revolving door in and out of the state court system), this Defendant has no prior criminal history. In short, the history and characteristics unique to this Defendant are sufficient to rebut the statutory presumption.[3]

Accordingly, the Court finds the conditions of release specified by magistrate judge to be appropriate. The Government's motion to revoke bond is **DENIED**. Defendant may be released as soon as the Location Monitoring Program is made available to the Defendant.

Signed: December 10, 2009

Richard L. Voorhees
United States District Judge

---

[3] The Court also notes that release is recommended by Pretrial Services. Relying on an automated tool for determing Pretrial Risk Assessment ("PRTA") made available late November 2009, the Pretrial Services Officer shared that defendants such as Defendant Evans have roughly a 5% likelihood of failure to appear and a 5% likelihood of being re-arrested if released on bond.